IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 0 6 2025

Nathan Oehsnor, Clerk of Court

**JUAN GARCIA ABREGO,**
      Defendant,

**VS.**

**CR NO. H-93-167-SSS**

**UNITED STATES OF AMERICA,**
      Plaintiff.

_____/

## MOTION FOR REDUCTION IN SENTENCE PURUANT T0 18 U.S.C. SECTION 3582(c)(1)(A)

**COMES NOW,** JUAN GARCIA ABREGO, hereinafter referred to as "Abrego", and hereby moves this Court, pro se, for Compassionate Release in light of the enactment of the First Step Act of 2018, under Title 18 U.S.C. Section 3582(c)(1)(A), for the following reasons.

### 1. Background

In 1997, Abrego was convicted and sentenced to ten counts of possession with intent to distribute cocaine in violation of 21 U.S.C. section 841(a)(1) and (b)(1)(A), five counts of money laundering in violation of 18 U.S.C. section 1956(a)(1)(A)(i); three counts of money laundering in violation of 18 U.S.C. section 1956(a)(2)(A), one count of conspiracy to launder money in violation of 18 U.S.C. section 1956(h), and one count of conducting a continuing criminal enterprise in violation of 21 U.S.C. section 848.

Abrego was subsequently sentenced to life imprisonment. He has now served 356 months in the Federal Bureau of Prisons. His projected release date is life.

**Page 1**

### 2. Discussion

In light of the enactment of the First Step Act of 2018, Abrego respectfully moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), which authorizes a district court to grant such a reduction either upon motion by the Director of the Bureau of Prisons or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." Abrego specifically seeks his reduction in sentence under Section 3582(c)(1)(A)(i), which permits the sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and "a reduction [would be] consistent with applicable policy statements issued by the Sentencing Commission" following consideration of the factors set forth in 18 U.S.C. section 3553(a).

### a. Exhaustion.

Here, Abrego has fulfilled the requirement of 18 U.S.C. section 3582(c)(1)(A) because either (i) Abrego has exhausted administrative remedies within the Bureau of Prisons or (ii) a period of 30 days has elapsed since the warden of the institution in which Abrego is incarcerated received Abrego's request that the Bureau of Prisons make such motion on Abrego's behalf.[1]

---

1. Recently, Abrego, or a family member on his behalf, has submitted a second request to the warden that the Bureau of Prisons make such motion on Abrego's behalf.

**b. "Extraordinary and compelling" reasons exist in this case.**

The applicable United States Sentencing Commission policy statement provides, in relevant part, that extraordinary and compelling reasons for early release exist where:

**(B) Age of the Defendant.** --- The defendant is (i) at least 65 years old; (ii) is Experiencing a serious deterioration in physical or mental health because of the Aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. (U.S.S.G section 1B1.13(1)(A). Application Note 1.)

Here, Abrego is 81 years old, and has served approximately 30 years in prison of his life sentence. Furthermore, because of the aging process, Abrego is experiencing a serious deterioration in his physical health. Notably, he is suffering from lack of mobility in his hips, legs, and feet, which cause him to experience excruciating pain throughout his body.[2] Because of this, Abrego is confined to his bed (his cell) most of the day. He has put in several medical requests with medical staff within his facility to address his declining health condition, only to be told there is not much the Bureau of Prisons medical staff can do to assist him. Consequently, because of Abrego's serious deterioration in his health due to his aging process and the facility's inability to give him the proper medical attention he needs, he is unable to care for himself while being incarcerated. As such, compelling reasons exist in his case, as outlined in the applicable United States Sentencing Commission policy statement, as set forth in U.S.S.G. Section 1B1.13(1)(A).

---

2. Additionally, in interacting with Abrego during prison visitations, his family members have witnessed serious deterioration in his health, including what they believe may be alzheimer's disease and some other unknown mental problem which causes Abrego to constantly repeat himself and lose focus.

**Page 3**

### c. Abrego does not pose a danger to the safety of any other person or the Community.

In 2016, after nearly 20 years in the Federal Bureau of Prisons so-called "supermax" (ADX Florence Colorado), which amounts to solitary confinement, Abrego was transferred to a high-security penitentiary in West Virginia, as a result of his exemplary behavior which lowered his security assessment level. Although the facility ("USP Hazelton") where Abrego has been incarcerated for over the past 9 years is known for its high propensity to violence and problematic environment, he has continued to manage not to incur a single disciplinary infraction, all while successfully completing multiple programs offered by the Bureau of Prisons –not withstanding the fact that the facility is on constant lockdown. Additionally, Abrego has maintained family ties while incarcerated. And, although Abrego acknowledges that his crimes were serious, he has shown remorse and significant self-improvement by demonstrating his ability and willingness to rehabilitate himself while showing respect for law.

After three decades of being incarcerated, under intense environments, Abrego has clearly demonstrated his new found respect for law and his willingness to take strides towards rehabilitation. Federal Bureau of Prison records, developed over the span of three decades, clearly indicates that Abrego is no longer the same person he was when he was first arrested for his crimes, and instead is now a rehabilitated and reformed 81 year old man who is not only remorseful for his crimes but who has also shown his ability to follow rules and have respect for the law.

Upon the Court reducing Abrego's sentence, he will be deported back to the Republic of Mexico where he will reside with his sons in Merida, Yucatan Mexico. Because of his advanced age, upon his release Abrego will not have employment but instead he will live a quite retired life with his sons who will be his caretakers and provide him the necessary medical attention he needs.

Consequently, the Court should find that; (1) Abrego is eligible for consideration for Compassionate Release as the facts in his case amount to "extraordinary and compelling" reasons; (2) a sentence reduction is warranted in Abrego's sentence; (3) reducing Abrego's sentence would not pose a threat to the safety of any other person or the community, and (4) reducing Abrego's sentence would serve the goals as set for under 18 U.S.C. section 3553(a) and the best interest of justice.

## CONCLUSION

For the reasons stated above, Abrego respectfully asks the Court to Grant the instant motion and reduce his sentence to time served, or to an amount the Court deems appropriate. Alternatively, Abrego respectfully requests a hearing in this matter, as to give him an opportunity to present evidence, testimony, and documentation in support of his motion.

Respectfully submitted,

s/ _Juan Garcia Abrego_

JUAN GARCIA ABREGO
REG. NO. 09935-000
USP HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WV 26525

**DATED: SEPTEMBER 29, 2025.**

CERTIFICATE OF SERVICE,

I, JUAN GARCIA ABREGO, Reg. No. 09935-000, hereby certify that on this 29th day of September, 2025, I mailed a copy of the instant "Motion For Sentence Reduction", pursuant to 18 U.S.C. section 3582(c), to U.S. District Clerk, 512 Rusk St, Houston, Texas 77002, using first-class postage.

s/ JUAN GARCIA ABREGO
Reg. No. 09935-000

Juan García Abrego
Reg No. 09935-000
UPP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

9589 0710 5270 1719 3221 52



Retail

**RDC 99**

77002

**U.S. POSTAGE PAID**
FCM LG ENV
EL PASO, TX 79910
SEP 30, 2025

**$7.20**

S2324Y502020-40

United States Courts
Southern District of Texas
FILED
OCT 0 6 2025
Nathan Ochsner, Clerk of Court

U.S. District Clerk
512 Rusk St,
Houston, TX 77002